**INSITUFORM TECHNOLOGIES, INC., Insituform (Netherlands) B.V., and Insituform Gulf South, Inc., Plaintiffs,**

v.

**CAT CONTRACTING, INC., Michigan Sewer Construction, Kanal Sanierung Hans Mueller GmbH & Co. KG, and Inliner U.S.A., Defendants.**

No. 96 C 0134.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 6, 1996.

Larry L. Saret, Laff, Whitesel, Conte & Saret, Chicago, Illinois and Harold James, James and Franklin, New York City, for plaintiffs.

Eugene G. Callahan and Mark LeRoy Le-Fevour, Callahan, Fitzpatrick, LaKoma & McGlynn, Oak Brook, Illinois, for Kenny Construction Company.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs in the above-captioned Texas lawsuit have obtained a subpoena, issued from this district court, so that they may depose representatives of third party Kenny Construction Company ("Kenny") pursuant to Federal Rule of Civil Procedure 30(b)(6). Now before this court is Kenny's motion to quash the notice of deposition.

The underlying case for which plaintiffs seek to depose Kenny is a patent infringement suit pending in the United States District Court for the Southern District of Texas (Action No. H–90–1690). Plaintiffs seek information about (1) Kenny's "business, financial and/or contractual relationships and dealings with any of" the four defendants; (2) Kenny's "past, present and future direct and indirect participation in or the carrying out or furnishing of vacuum impregnation of pipe lining;" and (3) Kenny's "use . . . of the term 'Inliner' and . . . activities in that connection." (Mot. to Quash Ex. A.) Plaintiffs assert that this information is relevant to the damages issue that remains to be decided in the Texas lawsuit.

Kenny contends that the foregoing information is not restricted to the damages issue, and therefore is not relevant or reasonably calculated to lead to the discovery of admissible evidence regarding damages. The court agrees.

"Parties may obtain discovery regarding any matter . . . [that] is relevant to the subject matter involved in the pending action, . . . [or] appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). However, the court may limit discovery if the discovery sought "is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," or if "the party seeking discovery

has had ample opportunity by discovery in the action to obtain the information sought." FED.R.CIV.P. 26(b)(2).

The court notes that on January 16, 1996, in open court, counsel for plaintiffs told the court that information about Kenny's role in the damages issue was available from the defendants in the Texas lawsuit, and that plaintiffs sought Kenny's deposition to verify the information that could be or had been obtained from the defendants. The court also notes that plaintiffs' supplemental memorandum contradicts plaintiffs' counsel's representations in court by arguing that the same information sought of Kenny is not available elsewhere. The court agrees with Kenny that any information regarding Kenny's license with Inliner, one of the defendants, should be available from Inliner. Plaintiffs' counsel acknowledged that it was. Thus, the information now sought by plaintiffs is "unreasonably cumulative [and] duplicative." See FED.R.CIV.P. 26(b)(2).

Furthermore, the court notes that the Texas lawsuit apparently was filed in 1990, which means that plaintiffs have had more than five years, or "ample opportunity," to conduct discovery related to the defendants' business dealings with their licensees, such as Kenny. See id.

The court also agrees with Kenny that plaintiffs' discovery request amounts to a fishing expedition. The information that plaintiffs seek from Kenny goes far beyond information related to damages in the underlying patent lawsuit. For example, the first and third topics are not limited to the patent at issue in the Texas lawsuit or financial information related to that patent; and the second topic is not limited to the patent at issue, financial information related to that patent, or Kenny's dealings with the defendants in the Texas lawsuit.

In fact, the information that plaintiffs seek goes more to the issue of Kenny's potential liability for patent infringement than to damages for which the defendants in the underlying case may be liable. The content and broadness of plaintiffs' discovery request raise the suspicion that plaintiffs are attempting to circumvent discovery rules in a lawsuit that plaintiffs may be planning to file

against Kenny, and buttress Kenny's claim that plaintiffs are attempting to harass Kenny and interfere with its business dealings.

Thus, most of the discovery sought by plaintiffs is not "relevant to the subject matter involved in the pending action"—that is, the damages issue—and does not appear "reasonably calculated to lead to the discovery of admissible evidence" related to the damages issue. See FED.R.CIV.P. 26(b)(1). Moreover, it seems to the court that it would be substantially "more convenient" for and "less burdensome" on Kenny if plaintiffs sought information relevant to damages from the parties to the Texas lawsuit, rather than from third party Kenny. See FED.R.CIV.P. 26(b)(2).

In sum, the court finds that plaintiffs should not be permitted to seek from Kenny information that they can obtain or have obtained from the defendants in the underlying patent infringement lawsuit, and that is not relevant to the issue of damages in the underlying patent case.

Accordingly, the court grants Kenny Construction Company's motion to quash plaintiffs' notice of deposition.