**INSITUFORM TECHNOLOGIES, INC., Insituform (Netherlands) B.V., and Insituform Gulf South, Inc., Plaintiffs,**

v.

**CAT CONTRACTING, INC., Michigan Sewer Construction, Kanal Sanierung Hans Mueller GmbH & CO KG, and Inliner U.S.A., Defendants.**

No. 96 C 134.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 23, 1996.

Larry L. Saret, Laff, Whitesel, Conte & Saret, Chicago, IL, Harold James, James and Franklin, New York City, for Insituform Technologies, Inc., Insituform (Netherlands) B.V., Insituform Gulf South, Inc.

Mark LeRoy LeFevour, Callahan, Fitzpatrick, LaKoma & McGlynn, Oak Brook, IL, for Kenny Construction Company.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs in the above-captioned Texas lawsuit seek to have third party Kenny Construction Company ("Kenny") produce documents and allow plaintiffs to inspect Kenny's facilities pursuant to a subpoena issued from this district court. Kenny has moved to quash the subpoena.

### I. BACKGROUND

The underlying case for which plaintiffs seek document production and site inspection is a patent infringement suit pending in the United States District Court for the Southern District of Texas (Action No. H–90–1690). Earlier this year, plaintiffs obtained a subpoena from this district court so that they could depose representatives of Kenny pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs sought information about Kenny's business, financial, and contractual relationships and dealings with the defendants in the Texas lawsuit; Kenny's participation in, carrying out of, or furnishing of vacuum impregnation of pipe lining; and Kenny's use of the term "Inliner." *See Insituform Technologies, Inc. v. Cat Contracting, Inc.,* 914 F.Supp. 286 (N.D.Ill.1996).

Plaintiffs asserted that the information was relevant to the damages issue that remained to be decided in the Texas lawsuit. Kenny countered that the information was not restricted to the damages issue, and therefore was not relevant or reasonably calculated to lead to the discovery of admissible evidence regarding damages. The court agreed with Kenny, and granted Kenny's motion to quash the notice of deposition. *See id.* at 286–87.

Plaintiffs' most recent subpoena requests Kenny:

> (1) To produce [to plaintiffs' attorney] ... on the last business day of each month ... for as long as the Order of Judge Vanessa D. Gilmore of the United States District Court for the Southern District of Texas, Houston Division, entered June 18, 1996[,] shall be in force, a list of scheduled and/or expected liner impregnations [to be done by Kenny] for the succeeding month, setting forth for each such impregnation the date and place of each impregnation and the size (diameter and length) of the liner segment or segments to be impregnated on that date; and
>
> (2) To permit Insituform ..., by its attorney and one other representative of Insituform, to observe [in Kenny's facility] the liner impregnation on no more than one date per month, on prior notice to Kenny and to the attorneys for defendants ...;
>
> All in conformity with the Orders of the Honorable Judge Vanessa D. Gilmore entered June 12 and June 18, 1996....

(Kenny Construction Company's Mot. to Quash a Subpoena in a Civil Case (hereinafter "Kenny's Mot. To Quash") Ex. A at 5.) Kenny again seeks to avoid complying with plaintiffs' subpoena by moving to quash it.

### II. DISCUSSION

Kenny argues that the information sought under the current subpoena is basically the same information previously sought by plaintiffs before this court quashed plaintiffs' notice of deposition. Thus, as in its earlier motion to quash, Kenny argues that the information sought by the subpoena is not relevant to the subject matter involved in the pending litigation and does not appear reasonably calculated to lead to the discovery of admissible evidence. The court disagrees.

Pursuant to their first subpoena, plaintiffs sought an extensive amount of very general

information about Kenny's business dealings with defendants and Kenny's use of plaintiffs' patented process. The court found plaintiffs' discovery attempts unreasonably cumulative and duplicative, because the information should have been available from parties in the lawsuit. The court also agreed with Kenny that plaintiffs' discovery request seemed like a fishing expedition, since it went so far beyond information related to damages in the underlying patent lawsuit. Thus, the court found the information sought by plaintiffs not relevant to the subject matter involved in the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Now, in contrast, plaintiffs seek relatively specific information about when Kenny will conduct liner impregnations and how Kenny conducts its liner impregnations. The purpose of plaintiffs' subpoena presumably is to discover whether Kenny is using plaintiffs' patented process. Such information is relevant to damages for patent infringement as well as enforcement of the Texas court's injunction against the use of plaintiffs' patented process. Thus, this court's February 1996 order quashing plaintiffs' notice of deposition has no bearing on Kenny's current motion.

Kenny also argues that Judge Gilmore's orders dated June 11 and June 18, 1996, do not involve and have no effect on Kenny. Judge Gilmore's June 11, 1996, order states that defendants are to produce responsive information relating to their "affiliates." (*See* Kenny's Mot. to Quash Ex. A at 6.) Plaintiffs apparently construe this to mean that Kenny, as a licensee of defendants and therefore an affiliate of defendants, also must produce responsive information relating to itself. Kenny argues that it is not an affiliate of defendants and therefore that the order does not apply to it.

Without yet deciding whether Kenny is an affiliate of defendants, the court notes that the June 11, 1996, order on its face is direct-

ed only to defendants. It does not order affiliates or anyone else other than defendants to produce responsive information. Thus, irrespective of whether Kenny is an affiliate of defendants, Judge Gilmore's June 11, 1996, order does not expressly order Kenny to do anything.

Similarly, Judge Gilmore's June 18, 1996, order instructs defendants to provide plaintiffs with a monthly list of liner installations to be performed at defendant Inliner and on location by any licensees. (*See id.* at 7.) It also allows plaintiffs to choose one site per month to inspect to monitor compliance with the court's injunction. (*See id.*) However, like the June 11 order, the June 18 order is addressed only to defendants, and does not expressly instruct third party Kenny to provide information or allow inspection of its facilities.

However, on September 4, 1996, Judge Gilmore issued an order making clear that she considers Kenny bound by her September 30, 1995, injunction and subsequent orders. Judge Gilmore stated that her September 30, 1995, injunction enjoined defendants and "all persons in active concert or participation with them who receive actual notice of this injunction" from carrying out any liner impregnation process that infringed on plaintiffs' patent. (Order to Show Cause dated September 4, 1996, at 1.) Judge Gilmore also stated that her June 18, 1996, order was in furtherance of the injunction, and that as with the injunction, the June 18, 1996, order applied to "those persons in active concert or participation with [defendants] who receive actual notice of the order." (*Id.* at 1–2 (citing FED.R.CIV.P. 65(d)).) [1]

Judge Gilmore noted that plaintiffs had submitted evidence that Kenny, as defendants' licensee, had refused to comply with her June 18, 1996, monitoring order. Judge Gilmore stated: " 'The mandate of an injunction issued by a federal district court runs

---

1. Rule 65 provides: "Every order granting an injunction ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED.R.CIV.P. 65(d). Kenny received actual notice of the September 30, 1995, injunction within days after it was issued. (*See* Pls.' Supp.Mem. in Opp. to Kenny's Mot. to Quash Subpoena Ex. B and Ex. C.)

nationwide,' and this Court has jurisdiction over proceedings regarding violations of these orders 'regardless of where the violation occurred.'" (Order to Show Cause at 2 (citing *Waffenschmidt v. MacKay,* 763 F.2d 711, 718–19 (5th Cir.1985), *cert. denied sub nom. Currey v. Waffenschmidt,* 474 U.S. 1056, 106 S.Ct. 794, 88 L.Ed.2d 771 (1986))). Judge Gilmore then ordered defendants and Kenny to appear before her on September 30, 1996, to show cause why they should not be held in contempt of her June 18, 1996, order. (Order to Show Cause at 2.) Kenny, under "the threat of a contempt citation to appear before Judge Gilmore on September 30, 1996," (*see* Kenny's Reply to Pls.' Mem. and Supp. Mem. in Opp. to Kenny's Mot. to Quash Subpoena at 4 n. 1.), supplied the list of liner impregnations requested in plaintiffs' subpoena.

In light of the foregoing proceedings before Judge Gilmore, it is apparent that Judge Gilmore intended Kenny to be bound by the injunction entered in this case and the subsequent monitoring order. Nonetheless, in its reply in support of its motion to quash, Kenny raises another reason why plaintiffs' subpoena should be quashed. Kenny contends that plaintiffs' subpoena is defective on its face because it does not comply with the Federal Rules of Civil Procedure.

 Federal Rule of Civil Procedure 45 allows parties to "command each person to whom [a subpoena] is directed to ... permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place there specified." FED.R.CIV.P. 45(a)(1)(C). Kenny argues that plaintiffs' subpoena does not request production of "books, documents or tangible things in the possession, custody or control" of Kenny, but rather requires Kenny to produce documents that do not exist and that Kenny would have to create to comply with the subpoena.

The court agrees with Kenny that Rule 45 appears to contemplate that a non-party may be required to produce records that already exist and are under the non-party's control, but does not contemplate that a non-party will be forced to create documents that do not exist. Because plaintiffs' first request exceeds what is permitted by Rule 45, the court grants Kenny's motion to quash plaintiffs' first request.

 Kenny also argues that plaintiffs' subpoena violates Rule 45 in that it does not describe specific times and places for the requested facility inspections to occur. The court agrees. While plaintiffs' subpoena provides that the requested inspections will take place no more than once a month on prior notice to Kenny and defendants' attorneys, the subpoena itself does not specify the times and places for the inspections, as required by Rule 45(a)(1)(C). Because plaintiffs' second request does not comply with Rule 45, the court grants Kenny's motion to quash plaintiffs' second request.

### III. CONCLUSION

For the foregoing reasons, the court grants third party Kenny Construction Company's motion to quash plaintiffs' subpoena.